IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 07-04 |
| | § | |
| **VANIVAN DEON FULLER** | | |

**MOTION FOR DISCLOSURE OF**
**ELECTRONIC OR OTHER SURVEILLANCE**

TO THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF DELAWARE:

NOW COMES the Defendant, VANIVAN DEON FULLER, who, by and through his undersigned counsel, ROBERT G. TURNER, respectfully moves this Honorable Court, pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, for an order compelling the Government to disclose the following:

1. Any and all voice records, tapes, mechanical or electrical recordings, pen register data, logs, records, memoranda, letters and airtels of any electronic or other surveillance;

    a.    of any wire or oral communications to which any Defendant was identified as a party;

    b.    of any wire or oral communications at any place in which any Defendant has an *"interest"* at the time of surveillance; *"interest"* meaning any property right or any other nexus of use and reasonable expectation or privacy;

    c.    of any wire or oral communications intercepted for the purpose, in whole or in part, of gathering evidence or leads against or were directed against Defendant;

    d.    of any wire or oral communications in which Defendant is named or otherwise referred to;

    e.    of any wire or oral communications intercepted pursuant to warrant or application in which the Defendant's name appears, or which warrant or application was based upon investigatory memoranda or affidavit in which Defendant's name appears;

    f.    of any wire or oral communications at any place in which Defendant was known or believed to have been at the time of the surveillance.

2.    Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications set out in 1. a.-f., as to any Co-Defendants or unindicted Co-Conspirators;

3.    Any and all actual voice records, tapes, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communication to which any attorney for Defendant, his or her agents or employers, was a party and any conversation at which said attorney, his or her agents, or employees, are present;

4.    Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications allegedly to Defendant VANIVAN DEON FULLER, to which a party to that conversation allegedly *"consented"*;

5.    Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications which are arguably exculpatory under <u>Brady v. Maryland</u>, including those which would impeach or contradict the expected testimony of any government witness.

6.    Any and all actual voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters and airtels or any electronic or other surveillance of wire or oral communications such as are described in 1 through 5, which surveillance revealed the existence of

said conversations but not the contents;

      7.    As to any electronic or other surveillance set out in 1 through 6, for which there are not voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters, or airtels, the names and business addresses of the persons who conducted said surveillance or who have knowledge of said surveillance;

      8.    As to the requests set out in 1 through 7, same embrace electronic or other surveillance undertaken not only by the United States, its agents and employees, but by any other governmental agency (including state or local) and by any private persons or corporations now known to the Government or which may become known to the Government.

      9.    As to the request for an electronic or other surveillance set out in 1 through 8, which this Honorable Court might deny said demand then Defendant would respectfully request the Court to order the United States to acknowledge whether or not same exists or were in existence as well as the circumstances of same. By *"circumstances"* same is meant to include the date and place of the surveillance, who was present at said place, who conducted said surveillance and the manner in which it was conducted;

      10.    Any and all applications, affidavits, memoranda and other papers submitted in support of applications for executive administrative or judicial approval of such surveillance as described above and all administrative, judicial and executive orders, opinions and decisions responsive thereto or relating to the surveillance described;

      11.    Notice that the Government intends to use any and all of the actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels or any electronic or other surveillance requested, or any evidence derived therefrom as evidence in chief

at trial.

The requests herein made seek not only disclosure of surveillance presently known to the Government by that which in the exercise of due diligence may become known thereto.

Defendant further respectfully moves this Honorable Court for an order of continuing disclosure of the items herein sought and for entry of an order directing the Government to conduct a search before trial of the files of every federal agency conducting electronic surveillance, investigating Defendant, and all agencies cooperating with same surveilling and investigating agencies in order to determine whether there has been electronic surveillance as described herein.

Defendant reserves the right to move for, based upon the disclosures requested herein, and evidentiary hearing prior to trial to determine:

   a.   whether the Government has fully complied with the order of this Court;

   b.   the standing of Defendant to raise the issue of the legality of any of said electronic or other surveillance;

   c.   the legality of any of said electronic or other surveillance;

   d.   the extent to which said surveillance tainted the commencement of the investigation of Defendant, the evidence upon which the indictment is based, and that which the government intends to use at trial.

Defendant further moves that in the event said hearing should disclose that the indictment herein was obtained, or the investigation of Defendant, or some of them commenced in reliance upon illegally obtained evidence, the indictment be dismissed, and in the event said hearing should disclose that the Government's evidence is the product of illegal electronic surveillance, such evidence be suppressed.

The undersigned has attempted to confer with Assistant United States Attorney Ilana H.

Eisenstein by telephone on March 20, 2008 but was unable to speak with her.

    SIGNED:  /s/ Robert G. Turner

    ROBERT G. TURNER, Bar I.D. # 3313
    Texas State Bar No. 20328500
    3714 Audubon Place
    Houston, Texas 77006
    (713) 526-9575
    (713) 524-2672 (Fax)

    Attorney for: VANIVAN DEON FULLER

    Date:  March 20, 2008

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing instrument has been delivered via electronic mail from the Clerk of the Court to Mr. Douglas McCann/Ilana H. Eisenstein, Assistant United States Attorney, on this the 20th day of  March  , 2008.

    /s/ Robert G. Turner
ROBERT G. TURNER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL ACTION NO. 07-04 |
| **VANIVAN DEON FULLER** | § § | |

## **O R D E R**

BE IT REMEMBERED that on this the ____ day of _____, 2008, came on to be heard the Defendant's Motion for Disclosure of Electronic or Other Surveillance, and the Court having considered the same is of the opinion that said Motion should be and is hereby GRANTED/DENIED.

_____
UNITED STATES DISTRICT JUDGE

SIGNED this the ___ day of _____, 2008.