IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 07-04 |
| | § | |
| **VANIVAN DEON FULLER** | § | |

## **MOTION FOR DISCOVERY AND INSPECTION**

TO THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF DELAWARE:

NOW COMES the Defendant, VANIVAN DEON FULLER, who, by and through his undersigned counsel, moves this Honorable Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the *"due process"* clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, to order the government to produce for his inspection and copying the following, which are known to be or are in the possession of the government or any of its agents, or which through diligence would become known from the investigating officers, or witnesses, or persons having knowledge of this case. [See Rule 16(c), F.R.Cr.P.]:

1.     Pursuant to Rule 12(d)(2), F.R.Cr.P., Defendant hereby makes his request for the government to notify him of any evidence it intends to use in its evidence in chief at trial *"in order to afford [him] an opportunity to move to suppress evidence"* under Rule 12(b)(3), F.R.Cr.P. [Rule 12(d)(2), F.R.Cr.P.].

2.     Any and all additional written or recorded statements made by or purported to have been made by the Defendant, VANIVAN DEON FULLER, before, during, or after his arrest together

1

with the substance of any oral statement attributed to the Defendant which the government intends to offer in evidence at the trial in the above entitled and numbered cause, including but not limited to any and all tape recordings of conversations whether by telephone or otherwise, to which the Defendant is purported to have been a party and any and all documents, instruments, or forms of any kind signed or purported to have been signed by the Defendant herein.  [Rule 16(a)(1)(A), F.R.Cr.P.].

3.    The substance of any and all statements which the government alleges are admissible against the Defendant that any co-conspirator made during the course and in furtherance of the conspiracy.  [Rule 801(d)(2)(E), F.R.Ev.].

4.    Any and all NADDIS, DEA, FBI, and other law enforcement and local arrest and conviction records of the Defendant.  [Rule 16(a)(1)(B), F.R.Cr.P.].

5.    Any and all physical and tangible objects obtained during the investigation of this case, including but not limited to, any and all currency, documents, instruments or other writing obtained from the Defendant or any co-defendant: including tangible objects obtained at the time of their arrest.

6.    Any and all instruments, documents or other tangible objects which the government may intend to use as evidence in their case in chief at trial and which are obtained from or alleged to belong to or were made of the Defendant or to any co-defendant or unindicted co-conspirator. [Rule 16(a)(1)(C), F.R.Cr.P.].

7.    All other instruments, documents, transcripts, or other tangible objects the government plans to offer in evidence in his case.  [Rule 16(a)(1)(C), F.R.Cr.P.].

8.    Any and all other books, papers, documents, or tangible objects which the

2

government relied on returning the indictment against the Defendant, VANIVAN DEON FULLER, or which the government plans to offer in evidence in this case.  [Rule 16(a)(1)(C), F.R.Cr.P.].

9.    Any and all statements of any co-defendants or alleged "co-conspirators" herein after his arrest, whether written or oral, including telephone records, subsequently reduced to writing, tape recorded, transcribed or summarized in agent's reports, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorneys for the government.  [Rule 16(a)(1)(A), F.R.Cr.P.].

10.    Any and all names and addresses of individual witnesses who the government intends to call at trial either in its case in chief or as rebuttal witnesses herein.  [Rule 16(a)(1)(C), F.R.Cr.P.].

11.    Any and all names and addresses of persons who have knowledge pertaining to this case, or who have been interviewed by the government or their agents in connection with this case.  [Rule 16(a)(1)(C), F.R.Cr.P.].

12.    Any and all NADDIS, DEA, FBI, and local arrest and conviction records of all persons in paragraph 10 and 11 the government intends to call as witnesses.  [Rule 16(a)(1)(C), F.R.Cr.P.].

13.    Written statements of all  persons in paragraph 10 and 11 who the government does not plan to call as witnesses.  [Rule 16(a)(1)(C), F.R.Cr.P.].

14.    The name, identity and whereabouts of any informer who gave information leading to the seizure and arrest of VANIVAN DEON FULLER, herein or investigating of this cause or the investigation, arrest and seizure of evidence in other causes which may have led to the identification of witnesses, evidence or the arrest of the Defendant in this cause.

15.    Any and all material known to the government or which may become known, or

3

which through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable to the accused or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of this case with defense counsel. [Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States].

16.     The substance of any and all statements or discussions had with any co-defendant herein or with any such person's counsel indicating a promise or suggesting of leniency, compensation, assurance not to prosecute, agreement to proceed on only certain counts of an indictment, representations with respect to yet uncharged misconduct, or any benefit accruing to said individuals whatsoever in exchange of his cooperation, assistance or testimony at the trial herein. [Due Process Clause of the Fifth and Fourteenth Amendments and the Confrontation Clause of the Sixth Amendment to the Constitution].

The undersigned has attempted to confer with Assistant United States Attorney Ilana H. Eisenstein by telephone on March 20, 2008 but was unable to speak with her.

SIGNED:   /s/ Robert G. Turner

ROBERT G. TURNER, Bar I.D. # 3313
Texas State Bar No. 20328500
3714 Audubon Place
Houston, Texas 77006
(713) 526-9575
(713) 524-2672 (Fax)

Attorney for: VANIVAN DEON FULLER

Date:   March 20, 2008

4

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing, instrument has been delivered via electronic mail from the Clerk of the Court to Mr. Douglas McCann/Ms. Ilana H. Eisenstein, Assistant United States Attorney, on this the 20th day of March , 2008.


/s/ Robert G. Turner
ROBERT G. TURNER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 07-04 |
| | § | |
| **VANIVAN DEON FULLER** | § | |

## O R D E R

BE IT REMEMBERED that on this ____ day of _____, 2008, came on to be heard the Defendant's Motion for Discovery and Inspection, and the Court having considered the same is of the opinion that said motion should be and is hereby GRANTED/DENIED.

_____

UNITED STATES DISTRICT JUDGE

SIGNED this the ____ day of _____, 2008.